IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN SCOTT SCHIMPF (#201901080), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-36-C-BN |
| WILLIAM C. BOSWORTH, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Justin Scott Schimpf, then-detained at the Johnson County jail facing a state criminal prosecution, brought this *pro se* action under 42 U.S.C. § 1983 against a state judge, the Johnson County District Attorney, the foreman of the grand jury, and his own attorney, claiming that he had been denied due process and seeking injunctive and monetary relief. *See* Dkt. No. 3.

His case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

Citing the pendency of the state criminal proceedings, the Court stayed and administratively closed this action under *Younger v. Harris*, 401 U.S. 37 (1971), on January 9, 2020. *See* Dkt. No. 6. On January 27, 2020, the Court docketed Schimpf's motion to reopen, in which he contended that his Johnson County criminal proceedings had concluded and to which he attached two indictments. *See* Dkt. No. 7. To the extent

that online records available from Johnson County reflected that, on January 6, 2020, judgments were entered in three state criminal proceedings filed against Schimpf in 2019, the Court granted his motion to reopen on January 31, 2020 and issued interrogatories to Schimpf to determine the status of the criminal cases. *See* Dkt. No. 8. Schimpf has now filed verified responses to those interrogatories. *See* Dkt. No. 9.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Schimpf's claims as either barred by immunities or currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Legal Standards and Analysis

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And dismissal for failure to state a claim under either Section 1915(e)(2)(B)(ii) or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted,"

*Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims they assert have "substantive plausibility" by stating "simply, concisely, and directly events" that they contends entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*,

704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court ... create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

Schimpf alleges that the judge then-presiding over his criminal cases violated his right to due process because he allowed, encouraged, and turned "a blind eye to violations in his courtroom." Dkt. No. 3 at 5. But the Court need not delve into the judge's actions as Schimpf's allegations make it clear that the judge was acting within his capacity as a judicial officer. And judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in

the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of the factually-plausible allegations related to actions by the-then presiding state judge reflect that he acted outside his judicial capacity. This claim should therefore be dismissed with prejudice.

As against the Johnson County District Attorney, Schimpf alleges a due process violation because the DA

> makes offers in order to demoralize scare and pressure inmates to sign for time. The offers given are those of someone who has been found guilty at trial and awaiting the sentencing phase. He allows and uses charging documents which are incorrect, charges made habitual from tainted evidence, charges and paragraphs belonging to other indictments, people and incidents.

Dkt. No. 3 at 5.

Again, Schimpf's allegations make clear that he believes that the District Attorney harmed him through actions taken in the scope of prosecuting him. And state

-5-

prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Because Schimpf alleges no specific facts to show that the DA acted outside of the scope of his prosecutorial duties, he has not overcome the absolute immunity that

attaches to prosecutors acting within their jurisdiction. And his claims against this defendant should be dismissed with prejudice.

Schimpf next alleges that the foreman of the grand jury merely served as a "ruber stamp[]" for the DA's allegedly "incorrect and inaccurate charging documents, indictments." Dkt. No. 3 at 5-6. Yet again, Schimpf's allegations make clear that this defendant was acting in his capacity as a grand jury foreman, and, like the DA, he is also entitled to absolute immunity. *See, e.g., Walker v. Skeen*, 31 F. App'x 155, 2001 WL 1748354, at *1 (5th Cir. Dec. 12, 2001) (per curiam) ("Walker's claims against the prosecutor and the grand jury foreman were properly dismissed based on absolute immunity because he is challenging acts performed in connection with his indictment and prosecution." (citing *Imbler*, 424 U.S. at 423)). Schimpf's claims against this defendant should also be dismissed with prejudice.

Finally, Schimpf brings claims against his defense counsel that could be grounds to assert that counsel violated Schimpf's Sixth Amendment right to effective assistance, asserting, among other things, that counsel "has been unavailable and unhelpful" and that Schimpf was "forced to file my own motions because of the lack of time and availability of Mr. Ward." Dkt. No. 3 at 6.

To the extent that Schimpf requests damages related to a Sixth Amendment claim of ineffective assistance of counsel, civil rights claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous.

*McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)); *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." (citing *Heck*, 512 U.S. at 486)); *id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

Because Schimpf fails to show that his convictions have been reversed, expunged, or otherwise declared invalid, *see* Dkt. No. 9, a civil claim based on a theory that his criminal trial counsel was constitutionally ineffective is currently barred by *Heck, see, e.g., Mount v. Wakefield*, 738 F. App'x 280, 280-81 (5th Cir. 2018) (per curiam) (affirming dismissal of Section 1983 claim based on alleged violation of the Sixth Amendment right to effective assistance of counsel as barred by *Heck*).

For all the reasons stated above, an amended complaint based on the facts underlying the current allegations would not survive a legal challenge under Rule 12(b)(6). Put differently, no set of facts could show that the claims Schimpf asserts currently have "substantive plausibility." *Johnson*, 574 U.S. at 12. But, if Schimpf disagrees, the time period for filing objections to these findings, conclusions, and

recommendation offer him an opportunity to make his case for amendment.

## Recommendation

The Court should dismiss this action with prejudice for the reasons and to the extent explained above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE